IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MR. GOLF CARTS, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 15-0642-WS-N |
| | ) |
| TAYLOR'S GOLF CAR SALES & | ) |
| SERVICE, INC., | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

This matter is before the Court on its review of its subject matter jurisdiction. (Doc. 42). The complaint alleges that the amount in controversy is $328,414.04, the amount allegedly owed on the defendant's purchases of golf carts between March 9 and December 24, 2009. (Doc. 1). The defendant asserts that, before the complaint was filed, it paid $295,468.39 against this debt. (Doc. 31-1 at 2-3). The defendant asserts that the amount in controversy when suit was filed was thus $23,405.17. (*Id*. at 3; Doc. 41 at 1-2).[1]

The plaintiff acknowledges that the defendant paid $295,468.39 between April 2009 and December 2010. (Doc. 43 at 1). However, the plaintiff asserts that some portion of this amount went to satisfy debt the defendant incurred before March 9, 2009. According to the plaintiff, the balance remaining on the March 9 through December 24, 2009 purchases after these payments was $328,414.04. (*Id*. at 2).

Although the Court cannot duplicate this figure, it does appear that approximately $61,677.04 of the $295,468.39 the defendant paid the plaintiff in and after 2009 was for purchases preceding March 9, 2009 and not for purchases

---

[1] Using the figures in text, the amount would appear to be closer to $32,945.65, but still below the jurisdictional threshold of $75,000.01.

made the subject of this lawsuit.  (Doc. 40-1 at 1).  That amount, combined with the $23,405.17 the defendant admits it owed on post-March 8, 2009 purchases as of the filing of the complaint, exceeds $75,000.  Therefore, it appears that subject matter existed when the complaint was filed.  If the defendant disagrees, it is **ordered** to file and serve, on or before **January 3, 2017**, such legal briefing and evidentiary material as it deems sufficient to reflect that subject matter jurisdiction was lacking when the complaint was filed, failing which the Court will confirm its subject matter jurisdiction.

DONE and ORDERED this 28th day of December, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE