IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MR. GOLF CARTS, INC., | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 15-0642-WS-N |
| | ) |
| TAYLOR'S GOLF CAR SALES & | ) |
| SERVICE, INC., | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

This matter is before the Court on the defendant's motion for summary judgment. (Doc. 31). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 31, 39-41), and the motion is ripe for resolution. After careful consideration, the Court concludes that the motion is due to be granted in part and denied in part.[1]

## BACKGROUND

According to the amended complaint, (Doc. 9), the plaintiff sold the defendant a number of golf carts between March 9 and December 24, 2009. The defendant received the golf carts and re-sold some or all of them. The defendant owes the plaintiff over $328,000 for the golf carts. The amended complaint asserts claims for breach of contract and for conversion.

The defendant asserts that the contract claim is barred by the statute of limitations. (Doc. 31-1 at 5-7). The defendant also asserts that the plaintiff cannot establish the elements of its conversion claim. (*Id*. at 7-8). The plaintiff

---

[1] The defendant previously questioned the existence of subject matter jurisdiction. (Doc. 41). After briefing and the submission of evidentiary materials, the Court concluded that such jurisdiction does exist and did exist when suit was filed. (Doc. 45). The defendant now concedes the point. (Doc. 46).

"concedes that it cannot meet the elements for proving a claim for conversion of property."  (Doc. 40 at 5).

## DISCUSSION

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial."  *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991).  The moving party may meet its burden in either of two ways: (1) by "negating an element of the non-moving party's claim"; or (2) by "point[ing] to materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden."  *Id*. "Even after *Celotex* it is never enough simply to state that the non-moving party cannot meet its burden at trial."  *Id*.; *accord Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000); *Sammons v. Taylor*, 967 F.2d 1533, 1538 (11th Cir. 1992).

"If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made."  *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993); *accord Mullins*, 228 F.3d at 1313; *Clark*, 929 F.2d at 608.

"If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact."  *Fitzpatrick*, 2 F.3d at 1116.  "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment."  *Clark*, 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address

another party's assertion of fact as required by Rule 56(c), the court may …
consider the fact undisputed for purposes of the motion ….").

In deciding a motion for summary judgment, "[t]he evidence, and all
reasonable inferences, must be viewed in the light most favorable to the
nonmovant …." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243
(11th Cir. 2003).

There is no burden on the Court to identify unreferenced evidence
supporting a party's position.[2]  Accordingly, the Court limits its review to the
exhibits, and to the specific portions of the exhibits, to which the parties have
expressly cited.

Alabama law provides several limitations periods for contract actions.
Actions founded on a contract under seal must be brought within ten years.  Ala.
Code § 6-2-33(1).  Actions to recover on an open or unliquidated account must be
brought within three years from the date of the last item on the account or from
when the account was due.  *Id*.§ 6-2-37(1).  Actions based on a written, unsealed
contract must be brought within six years.  *Id*. § 6-2-34(4).  Actions based on a
stated or liquidated account likewise must be brought within six years.  *Id*. § 6-2-
34(5).  And actions "upon any simple contract … not specifically enumerated in
this section" also must be brought within six years.  *Id*. § 6-2-34(9).

There is no written contract in this case, and the parties identify no contract
"not specifically enumerated in this section."  Therefore, as presented by the
parties, the plaintiff's claim is either one on open account and thus time-barred or
one on account stated and thus timely.  The parties agree that the analysis for

---

[2] Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it
may consider other materials in the record."); *accord Adler v. Wal-Mart Stores, Inc*., 144
F.3d 664, 672 (10th Cir. 1998) ("The district court has discretion to go beyond the
referenced portions of these [summary judgment] materials, but is not required to do
so.").  "[A]ppellate judges are not like pigs, hunting for truffles buried in briefs," and
"[l]ikewise, district court judges are not required to ferret out delectable facts buried in a
massive record …."  *Chavez v. Secretary, Florida Department of Corrections*, 647 F.3d
1057, 1061 (11th Cir. 2011) (internal quotes omitted).

determining whether the plaintiff proceeds on an open account or an account stated is set forth in *University of South Alabama v. Bracy*, 466 So. 2d 148 (Ala. Civ. App. 1985).  (Doc. 31-1 at 5-6; Doc. 40 at 3).

"An account stated is a post-transaction agreement.  It is not founded on the original liability, but it is a new agreement between parties to an original account that the statement of the account with the balance struck is correct and that the debtor will pay that amount."  *Bracy*, 466 So. 2d at 150.  "A prima facie case on an account stated is made when the plaintiff proves (1) a statement of the account between the parties is balanced and rendered to the debtor; (2) there is a meeting of the minds as to the correctness of the statement; and (3) the debtor admits liability."  *Id*.  "The debtor's admission to the correctness of the statement and to his liability thereon can be express or implied.  An account rendered, and not objected to within [a] reasonable time becomes an account stated, and failure to object will be regarded as an admission of correctness of the account."  *Id*.

As noted, the last purchase at issue in this lawsuit occurred on December 24, 2009.  Four days later, the plaintiff issued a statement, addressed to the defendant, listing all of the defendant's purchases (and credits, and service charges) from March 9 to December 24, 2009 (plus several purchases preceding that date), identifying the amount of each purchase, service charge and credit, confirming the non-payment of each such item and the length of non-payment, and setting forth a bottom-line balance due.  (Doc. 40-1).  The plaintiff asserts that this statement satisfies the first element of an account stated, (Doc. 40 at 3), and the defendant does not dispute this proposition.

As noted, the second and third elements of an account stated can be established by circumstantial evidence.  In particular, making payments without objection over a course of time "may be construed to be an admission of correctness [and] may also be construed as an implied admission of liability."  *Bracy*, 466 So. 2d at 150.  The defendant (which bears the initial burden on motion for summary judgment) identifies no evidence that it voiced any challenge to the

accuracy of the statement within a reasonable time,[3] and the defendant admits it made payments against the account in August, October, November and December 2010.  (Doc. 31-1 at 2-3).  The defendant in its reply offers no response to the plaintiff's showing.

Under the evidence and argument presented, the defendant has failed to demonstrate that the plaintiff cannot establish the elements of an account stated. The defendant thus has failed to demonstrate that the plaintiff's contract claim is barred by the statute of limitations.

## CONCLUSION

For the reasons set forth above, the defendant's motion for summary judgment is **granted** with respect to the conversion claim and **denied** with respect to the contract claim.  The conversion claim is **dismissed with prejudice**.

DONE and ORDERED this 6th day of January, 2017.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The defendant's asserted denial in September 2015 that it owes the full amount demanded by the plaintiff in this lawsuit, (Doc. 31-1 at 3), comes far too late to prevent an account stated from having arisen in 2009-2010.